```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

_____

RAY ZOROUFIE,                     )
                                  )
    Plaintiff,                    )
                                  )
vs.                               )    Civil No. 07-2016-B/P
                                  )
LANCE, INC., et al.,              )
                                  )
    Defendants.                   )

_____

**ORDER FOLLOWING HEARING GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RULE 37 SANCTIONS AND GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER**
_____

Before the court by order of reference is defendants' Motion for Rule 37 Sanctions, filed April 2, 2008 (D.E. 52), and defendants' Motion for Protective Order, filed April 9, 2008 (D.E. 62). In their motion for sanctions, the defendants argue that plaintiff Ray Zoroufie has not complied with the court's order entered on March 20, 2008, directing Zoroufie to produce "all documents constituting or evidencing financial statements for Plaintiff and documents provided by Plaintiff to any accountant, bank or financial or business consultant" for the period of January 1, 2003. to the present. In their motion for protective order, the defendants ask the court to enter a protective order preventing Zoroufie from deposing David Singer, the President and Chief Executive Officer of defendant Lance, Inc., because Singer has very limited knowledge about the facts of this case and Zoroufie can

obtain the same information from Lance's Rule 30(b)(6) witness. On April 14, 2008, the court held a telephonic hearing on the motions. Counsel for all parties were heard on the motions. At the conclusion of the hearing, the court GRANTED in part and DENIED in part the motion for sanctions and GRANTED the motion for protective order as follows:

At the hearing, the parties informed the court that, with respect to the motion for sanctions, they were able to resolve their discovery disputes with the exception of two sets of documents: plaintiff's 1099 tax forms and notes created by Zoroufie which allegedly support his damages calculations. As the 1099s clearly fall under the category of "documents provided by plaintiff to any accountant," these documents should have been produced pursuant to paragraph 3 of the court's March 20, 2008, order. In addition, the notes created by Zoroufie relating to damages (which have since been recovered by plaintiff from his trash can) should have been produced under paragraph 1 of the March 20 order. Therefore, Zoroufie shall produce his 1099s for the period of January 1, 2003, to the present and his notes relating to his damages calculations by no later than Thursday, April 17, 2008.

Regarding defendants' request for sanctions, the court finds that the sanctions sought, including an order dismissing the complaint, prohibiting Zoroufie from introducing any evidence at trial relating to damages, and/or an adverse inference instruction

to the jury, are not warranted under the circumstances.  Instead, given Zoroufie's failure to fully comply with certain parts of the March 20 order, the court finds that requiring Zoroufie to reimburse a portion of defendants' attorney's fees will more appropriately address the violation.  See Fed. R. Civ. P. 37(b). Thus, defendants' counsel shall submit to the court a declaration by Friday, April 18, setting forth his fees and expenses incurred as a result of filing the motion to compel and arguing the motion at the April 14 hearing.  The court will review the declaration and enter a separate order awarding defendants a portion of their fees. In addition, no later than thirty days from the date of this order, Zoroufie shall make himself available for a deposition on the matters contained in the documents to be produced pursuant to this order.

Finally, the court granted defendants' motion for protective order regarding the deposition of Lance's CEO, David Singer.[1] Although discovery in this case began in March of 2007, plaintiff waited until March 29, 2008, to notify defendants that he intended to take Singer's deposition on April 14 and 15, 2008 (the extended discovery deadline).[2]  According to plaintiff's deposition

---

[1] Lance is headquartered in Charlotte, North Carolina, and, according to defendants, has over 5,000 employees.

[2] Zoroufie initially noticed Singer's deposition under Rule 30(b)(6). On April 4, 2008, the court quashed this deposition notice.  On that same day, Zoroufie served defendants with a notice to take Singer's deposition as a fact witness.

testimony on April 7, 2008, he had no contact with Singer regarding the formation of the contract at issue in this litigation and his only direct contact with Singer consisted of two brief telephone conversations that occurred after the alleged project was withdrawn. These conversations allegedly took place after Zoroufie called Singer to ask about why the project had been withdrawn, to which Singer responded that the decision was made due to internal business concerns regarding competition between various companies in the industry. Zoroufie does not dispute that Singer's response was consistent with the explanations previously communicated to him by Lance's other representatives. Moreover, Lance's Rule 30(b)(6) witness, who is scheduled to be deposed on April 15, will testify regarding, among other things, the company's decision to withdraw the project. Additionally, Singer submitted an affidavit stating that he does not recall ever receiving any telephone calls from or otherwise speaking to Zoroufie regarding any matters in this lawsuit and that he has no knowledge regarding the facts at issue in this lawsuit other than facts known by Lance's Rule 30(b)(6) witness. Thus, Zoroufie has not sufficiently demonstrated that Singer has unique personal knowledge of the matters in this lawsuit to justify taking his deposition, nor has he demonstrated that he has attempted to first obtain this information through less burdensome means, such as by taking depositions of lower level employees with more intimate knowledge of the facts or through

interrogatories. See Conti v. Am. Axle and Mfg., Inc., No. 05-72335, 2007 WL 850998, at *2 (E.D. Mich. March 16, 2007) (stating that "[g]enerally courts prohibit [depositions of CEOs and other high level managers] where the senior employee has limited personal knowledge of the facts related to the claims in a particular lawsuit" and "[a] court may require that plaintiff depose other employees with allegedly more knowledge of the facts [than] the corporate president before deposing him."); see also Reif v. CNA, No. 06-4761, 2008 WL 483588, at *2 n.4 (E.D. Pa. Feb. 21, 2008) (explaining that courts, in deciding whether to allow a party to depose a high-ranking corporate executive, consider whether the executive possesses "personal or superior unique knowledge" and whether the information "can be obtained from lower level employees or through less burdensome means, such as interrogatories"); First Nat'l Mortgage Co. v. Fed. Realty Inv. Trust, No. 03-02013, 2007 WL 4170548, at *2 (N.D. Cal. Nov. 19, 2007) ("Courts generally do refuse to allow the immediate deposition of high-level 'apex deponent' executives, *before* the testimony of lower level employees with more intimate knowledge of the case has been secured.").

IT IS SO ORDERED.

s/ Tu M. Pham

TU M. PHAM

United States Magistrate Judge

April 15, 2008

Date