IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RAY ZOROUFIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-2016 STA-tmp |
| | ) | |
| LANCE, INC., and VISTA BAKERY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendants' Motion for Summary Judgment, (D.E. # 72), filed on April 30, 2008. Plaintiff responded in opposition on June 3, 2008. (D.E. # 77.) On June 23, 2008, Defendants filed a Reply. (D.E. # 83.) For the reasons set forth below, Defendants' Motion is **GRANTED**.

## BACKGROUND

This is a breach of contract action by Plaintiff Ray Zoroufie against Defendants Lance, Inc., ("Lance") and Vista Bakery, Inc., ("Vista"). Plaintiff is a broker of food products based in Nashville, Tennessee. As a former employee of Brimhall Foods ("Brimhall"), Plaintiff continued to do a substantial amount of business as a broker for Brimhall after leaving Brimhall's employment. In early 2006, Plaintiff, Brimhall, and representatives of Vista discussed the possibility of Vista manufacturing "private label" sandwich crackers for Brimhall. Private label foods are manufactured by one company and packaged under the name of another company. Plaintiff and Vista contemplated that if Vista sold private label sandwich crackers to

1

Brimhall at certain price levels, Vista would then pay Plaintiff a three percent commission on those sales. Under this arrangement, Plaintiff would be entitled to commission payments only when Brimhall paid Vista's invoices for private label crackers. Vista would not have been obligated to continue manufacturing or selling the sandwich crackers to Brimhall. Nor would Brimhall have been obligated to order sandwich crackers from Vista. Vista never manufactured or sold any private label sandwich crackers or other private label products to Brimhall. On or about May 11, 2006, Ernie Debord, an employee of Vista, informed Plaintiff that Vista would not enter into a private label agreement for the sandwich cracker project with Brimhall. Plaintiff then filed the instant claim against Defendants asserting breach of contract. Defendants have now moved for summary judgment.

## SUMMARY JUDGMENT STANDARD

Rule 56 (c) provides that a

> judgment . . . should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.[1]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[2] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[3] It is not sufficient

---

[1] Fed. R. Civ. P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[3] *Celotex*, 477 U.S. at 324.

"simply [to] show that there is some metaphysical doubt as to the material facts."[4] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[5] Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[6] In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [the] asserted causes of action."[7] Finally, the "judge may not make credibility determinations or weigh the evidence."[8]

## ANALYSIS

A threshold issue is which law applies in determining whether Plaintiff's Complaint states a valid claim for breach of contract. Federal courts exercising jurisdiction on the ground of diversity must apply the substantive law of the forum state.[9] In Tennessee, the conflict of laws rule governing contracts is that "the law of the state in which the contract was made governs unless the parties express the intent that another state's law applies."[10] Under Tennessee law, absent contrary intent, a contract is presumed to be governed by the law of the state in

---

[4] *Matsushita*, 475 U.S. at 586.

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[6] *Celotex*, 477 U.S. at 322.

[7] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[8] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[9] *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

[10] *Vencor, Inc. v. Standard Life and Acc. Ins. Co.*, 317 F.3d 629, 634 (6th Cir. 2003) (citing *Boatland, Inc. v. Brunswick Corp.*, 558 F.2d 818, 821 (6th Cir. 1977)).

3

which it was executed.[11] Therefore, the law that governs this action is the law of the state in which Defendants and Brimhall are alleged to have executed a contract–Tennessee.

**A. Agreement**

Defendants assert that Plaintiff's contract claims fail as a matter of law because Vista and Brimhall never entered into any binding agreement. To illustrate, Defendants state that 1) Brimhall never executed the required Private Label Agreement which reflected an intent to be bound only by written instrument; 2) there was no agreement sufficient to establish an enforceable contract under the UCC or common law because there was no oral agreement as to any terms of a contract; and 3) Brimhall never ordered any private label sandwich crackers, and Vista never manufactured, shipped, sold or invoiced such crackers. .

Under Tennessee law, in order for a contract to be enforceable, it "must result from meeting of minds in mutual assent to terms, must be based upon sufficient consideration, . . . and [the terms of the contract must be] sufficiently definite to be enforced."[12] "Indefiniteness regarding an essential element of a contract 'may prevent the creation of an enforceable contract.'"[13] In order for a contract's terms to be reasonably certain, they must "provide a basis for determining the existence of a breach and for giving an appropriate remedy."[14] Furthermore, "[t]he contemplated mutual assent and meeting of the minds cannot be accomplished by the unilateral action of one party, nor can it be accomplished by an ambiguous course of dealing

---

[11] *Se. Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006) (quoting *Vantage Tech., LLC v. Cross*, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999)).

[12] *Johnson v. Cent. Nat. Ins. Co. of Omaha, Neb.*, 356 S.W.2d 277, 281 (Tenn. 1962); *Jamestowne on Signal, Inc. v. First Fed. Sav. & Loan Ass'n*, 807 S.W. 2d 559, 564 (Tenn. Ct. App. 1990).

[13] *Doe v. HCA Health Serv. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001) (quoting *Jamestown*, 807 S.W.2d at 565).

[14] *Jamestown*, 807 S.W.2d at 564

4

between the two parties from which differing inferences . . . might reasonably be drawn."[15] A court will not uphold an agreement that is indefinite and uncertain regarding the obligations of the parties thereto.[16]

In this case, there is no indication of a meeting of the minds, mutual assent to terms, consideration, or definiteness. Defendants discussed the possibility of manufacturing private label sandwich crackers for Brimhall and supplied the standard pricing for certain snack items. Plaintiff concedes that Defendants and Brimhall never entered into a written agreement. Plaintiff also concedes that Brimhall never ordered any sandwich crackers from Defendants. Plaintiff has offered no proof that there was an agreement as to quantity, price, date of delivery, or any other term. Because there was no agreement containing the essential ingredients to form a contract, there is no basis for deciding whether the alleged agreement was kept or broken. Plaintiff cannot withstand summary judgment merely by stating that a contract existed. Rather, Plaintiff must offer evidence to support the claim. Thus, the Court finds that there is no contract and GRANTS summary judgment on Plaintiff's breach of contract action.

## B. Statute of Frauds

Defendants further assert that even if they had reached an agreement with Brimhall, enforcement of any alleged contract would be barred by the statute of frauds. Under Article 2 of the Uniform Commercial Code ("UCC"), a contract for the sale of goods for $500 or more must be evidenced by a writing signed by the party to be charged.[17] A contract that does not meet this definition or fall within one of the exceptions is unenforceable, and a complaint based on such a

---

[15] *Id.* (citing *Batson v. Pleasant View Util. Dist.*, 592 S.W.2d 578, 582 (Tenn. Ct. App. 1979); *Balderacci v. Rugh*, 256 S.W.2d 290 (Tenn. 1953).

[16] *Id.* at 565.

[17] U.C.C. § 2-201 (2007); Tenn. Code Ann. § 47-2-201 (2008).

5

contract is subject to summary judgment.[18] Defendants, Plaintiff, and Brimhall all agree that Vista and Brimhall did not execute a written agreement for the production and sale of private label sandwich crackers. Thus, there is no enforceable contract under the statute of frauds.

Plaintiff makes several arguments as to why the statute of frauds is inapplicable in this case. Plaintiff first contends that the making of private labels for Brimhall does not fall under the UCC because it is a rendition of services rather than a sale of goods. Plaintiff cites no legal authority for this proposition, and the Court finds that there is no merit to this contention. The UCC defines "goods" as all things which are movable at the time of identification to the contract.[19] It is clear that sandwich crackers qualify as goods under the UCC definition.

Plaintiff next contends that Brimhall and Defendants did reach an agreement, but did not entirely reduce the agreement to writing because within their industry, agreements of this sort are not always reduced to writing. Again, Plaintiff cites no legal authority to support this statement; nor does he offer any expert opinions or factual evidence to support his position. Defendants, on the other hand, have submitted the affidavit of W. Frank Dell, II, an expert in the case, which states that in the industry, it is standard procedure for a new customer to execute a private label or co-packaging agreement of some sort before reaching a final agreement with the manufacturer. Thus, the only evidence in the record shows that industry custom requires a written agreement.

Plaintiff also appears to argue that his suit is based, not on the alleged contract between Defendants and Brimhall, but rather on his alleged commission agreement with Vista. Therefore, according to Plaintiff, the statute of frauds would be inapplicable as the alleged contract would be for services rather than for the sale of goods. This assertion is contradicted by Plaintiff's own testimony, however. Plaintiff testified in his deposition as follows:

---

[18] *See Anthony v. Tidwell*, 560 S.W.2d 908, 909 (Tenn. 1977).

[19] U.C.C. § 2-103 (2007); Tenn. Code Ann. § 47-2-105(1) (2008).

6

| | |
|---|---|
| Q. | Well, what I'm asking now is, your commission was really based–you would get a commission if the contract between Lance or Vista and Brim's went through, correct? If that contract went through, you would get your commission, right, of whatever percentage it was? |
| A. | For–yes, as long as Brim's is buying, I would get a commission every month. |
| Q. | Right. So if your commission and your deal is based on the deal between Vista and Brim's–are you with me so far? |
| A. | (Nods head.) |
| Q. | Okay. if there was no contract between Vista and Brim's, then you wouldn't have a commission either, correct? |
| A. | When you say no commission–no contract or no sales? |
| Q. | No deal. |
| A. | Right, no deal. |
| Q. | I call it a contract. |
| A. | Well, there's no deal. If Brimhall Foods–if Brimhall Foods–if Lance would not sell Brimhall foods the product, I would |

151

not get paid, but if they did, it would have been a nice residual income for years to come.

| | |
|---|---|
| Q. | All right. So if no deal between Vista and Brim's, no deal with you, correct? |
| A. | (Nods head) |
| Q. | You need to– |
| A. | Yes. |

. . .

269

| | |
|---|---|
| Q. | . . .<br>Mr. Zoroufie, having a relationship with a potential customer or a potential supplier or a potential vendor doesn't mean that you get any commission revenue until the parties agree at some point to have products and submit purchase orders and to buy and sell, correct? |
| A. | Correct. |
| Q. | And so if the parties don't purchase |

270

| | |
|---|---|
| | products or buy and sell, you don't get commissions, correct? |
| A. | Right. |

Thus, based on Plaintiff's own testimony, his claim is entirely dependent upon the

existence of an agreement between Defendants and Brimhall.  Plaintiff admits that if there was no contract between Defendants and Brimhall, he would receive no commission.  As discussed above, there was no valid, enforceable agreement between Defendants and Brimhall.  Thus, Plaintiff's claim cannot stand, and summary judgment is appropriate.

## **CONCLUSION**

Plaintiff has not demonstrated that there is a genuine issue of material fact for trial on his breach of contract claim.  Defendants' Motion for Summary Judgment is, therefore, **GRANTED**.

**IT IS SO ORDERED**.

                **s/ S. Thomas Anderson**
                S. THOMAS ANDERSON
                UNITED STATES DISTRICT JUDGE

Date: June 27th, 2008.